OPINION
Appellant Gerald A. Strait, Jr., and Dorothy Strait lived together in a common law marriage for thirteen years. In December of 1998, Dorothy moved out of appellant's residence. After Dorothy and appellant separated, appellant contacted Meredith Miller, Dorothy's daughter. He asked Meredith to contact her mother, to see if Dorothy would accompany appellant to Grafton to visit his aunt, who was ill. Dorothy told Meredith that she would accompany appellant to visit his aunt, and arrangements were made for the pair to drive to Grafton on December 20, 1998. Appellant and Dorothy met as planned on December 20. They began driving North on State Route 42 towards Grafton. Appellant became angry when they discussed Dorothy's living arrangement. Dorothy informed appellant that she was staying with a friend, and he accused her of being a liar, a slut, and a whore. When she responded that she was not a liar, a slut, or a whore, he struck her across the lips with the back of his hand, causing Dorothy to bleed. Appellant then gave Dorothy his jacket to hold against her mouth. Her mouth continued to bleed heavily. Appellant stopped at a convenience store where he purchased diaper wipes for her to use to cover her mouth. Appellant and Dorothy then returned to appellant's home. Dorothy went into appellant's home to get some ice for her lip. They talked for awhile, and appellant began to kiss Dorothy. He tried to talk her into going into the bedroom to engage in sexual intercourse. Dorothy left the home without having sexual relations with appellant. After returning home, Dorothy reported the incident to the Ashland County Sheriff's Department. She further telephoned her daughter Meredith, and told her what occurred on the trip. Appellant was charged with domestic violence in violation of R.C. 2919.25 (A), a felony of the fifth degree. Following jury trial in the Ashland County Common Pleas Court, he was convicted as charged. He was sentenced to twelve months incarceration. He assigns a single error on appeal:
 ASSIGNMENT OF ERROR
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ORDERING THAT THE PARTIES AND ATTORNEYS HAVE NO CONVERSATION WITH MEREDITH MILLER.
Appellant argues that the court erred in ordering that neither the prosecutor, defense counsel, nor the defendant have any contact with a witness during the lunch recess. Thirteen days before trial, appellant responded to a request for discovery, listing Meredith Miller as a potential witness. The State further listed Meredith Miller as a potential witness upon supplemental discovery. During its case in chief, the State called Meredith Miller as a witness. Appellant cross-examined Meredith Miller at that time. Appellant later testified on his own behalf, denying that he had seen the victim on the day of the offense, and denying that he began a trip with her to Grafton. In addition, appellant denied that he ever discussed the car trip with Meredith Miller. Following appellant's testimony, he rested his case, and the court called a noon recess for approximately one hour and fifteen minutes. After the jury left the courtroom, the State moved the court for an order that defendant and his counsel be prohibited from conversing with Meredith Miller during the lunch break. Over an objection from appellant, the court ordered that both parties have no conversation with Meredith Miller during the lunch hour, prior to her being returned to the courtroom for rebuttal testimony in the afternoon. Evid.R. 611 (A) authorizes the court to exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence. In Perry v. Leeke (1989), 488 U.S. 272, the trial court had ordered that the defendant not consult with his attorney during a brief recess, called while the defendant was on the stand. The United States Supreme Court found that it is entirely appropriate for a trial judge to decide that cross-examination is more likely to illicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her lawyer. Id. The court went further and held that the judge must have the power to maintain the status quo during a brief recess in which there is a virtual certainty that any conversation between a witness and a lawyer would relate to the on-going testimony. Id. Similarly, the Ohio Supreme Court has cited Perry, supra, holding that the trial courts have discretion to forbid contact between the attorneys and witnesses during the conduct of the trial, as such contact may create an appearance of impropriety. State v. Henness (1997), 79 Ohio St.3d 53, 60, cert. denied (1977),118 S.Ct. 422. The court did not err in forbidding contact with Miller during the lunch recess. The assignment of error is overruled.
The judgment of the Ashland County Common Pleas Court is affirmed.
By Gwin, P.J. Hoffman, J., and Edwards, J., concur